## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ALEXANDRA ("SANDY") DIXON,

      Plaintiff,

vs.                                                                                                        No. CIV 01-155 LH/DJS

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,
ALBUQUERQUE PUBLIC SCHOOL
DISTRICT, BRADFORD ALLISON, Ph.D.,
Superintendent of the Albuquerque Public
Schools, in his individual capacity, and
BARBARA LYNN, in her individual
capacity,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand (Docket No. 07), filed April 13, 2001. The Court, having considered the motion, the accompanying memoranda, the applicable law and otherwise being fully advised, finds Plaintiff's motion is not well taken and will be **denied**.

Plaintiff brought this action in state court, asserting claims based on state law for breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel. In addition, Plaintiff asserted four claims based on federal civil rights statute 42 U.S.C. § 1983. These

claims allege violations of Plaintiff's First Amendment rights and Fourteenth Amendment liberty interests, procedural due process, and equal protection.

On February 7, 2001, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1331, contending that this Court has original jurisdiction over those claims arising under 42 U.S.C. § 1983.

Plaintiff's Motion for Remand seeks "remand of all matters in which State law predominates." 28 U.S.C. § 1441(c). Plaintiff contends that the state law claims raise novel and complex issues of state law and that they substantially predominate over the federal question claims. On this basis, Plaintiff seeks remand of the entire case to state court. Alternatively, if this Court will not remand the entire case, Plaintiff seeks remand of the four state law claims.

The state law claims in this case raise no complex or novel issues of law, and Plaintiff offers no support for such an assertion. Accordingly, Plaintiff may not rely on 28 U.S.C. § 1367(c)(1).

In examining Plaintiff's second assertion, that the state law claims predominate over the federal question claims, the inquiry "does not focus on whether the number of state law claims exceeds the number of federal claims." *Alfonso v. Philips Semiconductors, Inc.,* CIV No. 97-1406 (D.N.M. March 19, 1998); *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789-90 (3d Cir. 1995). Rather, the inquiry is whether proof of a state law claim expands the scope of the case beyond the underlying federal claim. *See Gard v. Teletronics Pacing Sys., Inc.,* 859 F.Supp. 1349, 1352-53 (D. Colo. 1994).

To demonstrate this, there must be a substantial quantity of evidence supporting the state claims that would not be relevant to the federal claim. 16 MOORE'S FEDERAL PRACTICE § 106.65 (3d ed. 1997). Plaintiff does not allege any variance in proof or in evidence between the state law claims

and the federal claims. Because there is no substantial disparity between the kind or quantity of evidence needed to try each set of claims, the state claims do not predominate over the federal question claims. Therefore, Plaintiff fails to provide a basis under 28 U.S.C. § 1367(c)(2) for this Court to exercise its discretion to remand this case to state court.

The Court concludes it has federal question jurisdiction over this matter. The Court will, therefore, deny Plaintiff's Motion for Remand.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Remand (Docket No. 07), filed April 13, 2001, is **denied**.

_____
**UNITED STATES DISTRICT JUDGE**